UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CVS HEALTH CORPORATION AND CVS PHARMACY, INC., <br><br> Movants, <br><br> v. <br><br> THRIFTY DRUG STORES, INC., <br><br> Respondent. | No. |

**DECLARATION OF GRANT A. GEYERMAN
IN SUPPORT OF CVS'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO RULE 45 SUBPOENA**

1. I am a partner at Williams & Connolly LLP and represent Movants CVS Health Corporation and CVS Pharmacy, Inc. (collectively, "CVS") in the above-captioned matter. I have personal knowledge of the matters set forth herein.

**I.  THE UNDERLYING LITIGATION**

2. CVS is a defendant in five cases that have been consolidated for discovery in the United States District Court for the District of Rhode Island. I am counsel for CVS in those consolidated cases.

3. As more fully set forth in the accompanying memorandum of law, Plaintiffs are 22 Blue Cross and Blue Shield-related health plans. They allege that CVS submitted inflated prices for prescription drugs. Specifically, Plaintiffs contend that CVS should have submitted the prices available through its membership program, called "Health

1

Savings Pass" or "HSP," as its "usual and customary" or "U&C" price.  CVS denies these allegations.

4. On June 9, 2023, CVS served a subpoena for the production of documents on Thrifty Drug Stores, Inc. ("Thrifty White").  The subpoena contained eight document requests.  CVS did so following the May 31, 2023 deposition testimony of Blue Cross Blue Shield of North Dakota's ("BCBS-ND") Krystal Wheeler Dennis, who previously worked at Thrifty White as its pharmacy manager and testified to only scant details about Thrifty White's membership drug program and could not recall certain important details about the program relevant to BCBS-ND's case against CVS.

**II. MEET AND CONFER**

5. Thrifty White's counsel and myself met and conferred about CVS's subpoena for documents on June 26, 2023, the same day CVS received Thrifty White's written objections and responses.  During the call, I stated that CVS was primarily interested in documents responsive to requests 1-5.  Thrifty White's counsel stated that he understood our explanation of relevance for those requests, and he agreed to go back to his client to discuss CVS's more limited areas of interest and to determine next steps.

6. On June 29, 2023, the parties reconvened for a second meet and confer call. During that call, Thrifty White's counsel indicated that he appreciated CVS's willingness to limit the subpoena's scope, and that he anticipated that limitation could make Thrifty White more willing to produce documents.  During that call, Thrifty White's counsel confirmed that Thrifty White does, in fact, possess some documents responsive to at least several of requests 1-5 of the subpoena.  He further stated that, after the July 4th holiday,

he would revert back about which specific documents Thrifty White would produce and the anticipated volume.

7. On July 13, 2023, Thrifty White's counsel again contacted me regarding the subpoena. During that call, Thrifty White's counsel reported (again) that Thrifty White does have responsive documents but it would not produce those documents because Thrifty White is standing on its objection that they are not relevant to the underlying litigation. Thrifty White's counsel also confirmed that the refusal to produce documents is not based on any burden and that some responsive documents have already been collected.

8. During the July 13 call, I asked Thrifty White's counsel directly if the true motivation for refusing to produce documents is that Thrifty White fears that, if it produces documents showing the pharmacy did not submit its membership program price as its U&C price (just like CVS did not), then it, too, could become subject to the same types of litigation claims that CVS (and other pharmacies) are facing. Thrifty White's counsel said, words to the effect of, that inference would not be wrong.

9. There is a protective order in the underlying litigation, which allows Thrifty White to designate commercially sensitive information with any of up to three different levels of confidentiality.

10. To date, Thrifty White has refused to produce any documents in response to the subpoena.

## III.     EXHIBITS

11. A true and correct copy of the subpoena to Thrifty White is attached as **Exhibit A**.

12. A true and correct copy of portions of the deposition of Krystal Wheeler Dennis in *Blue Cross & Blue Shield of Alabama v. CVS Pharmacy, Inc.*, Civil Action No. 1:20-cv-00236-WES-PAS (May 31, 2023) and the related cases, is attached as **Exhibit B**.

13. A true and correct copy of the Revised Stipulated Protective Order filed at ECF No. 73 in *Blue Cross & Blue Shield of Ala., et al. v. CVS Health Corp., et al.*, No. 20-cv-00236-WES-PAS (D.R.I.) and the related cases, is attached as **Exhibit C**.

14. A true and correct copy of the arbitration award entered on May 25, 2022 in *Humana Health Plan, Inc., et al. v. CVS Pharmacy, Inc., et al.*, No. 01-19-0000-6924 (Am. Arb. Ass'n), is attached as **Exhibit D**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Dated:  July 26, 2023          /s/  *Grant A. Geyerman*
                               Grant A. Geyerman