AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of Rhode Island

| | | |
|---|---|---|
| Blue Cross and Blue Shield of Alabama et al. | ) | |
| *Plaintiffs* | ) | |
| v. | ) | Civil Action No.   1:20-cv-00236-WES-PAS |
| CVS Health Corporation et al. | ) | |
| *Defendants* | ) | |

| | | |
|---|---|---|
| Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey et al. | ) | |
| *Plaintiffs* | ) | |
| v. | ) | Civil Action No.   1:20-cv-00458-WES-PAS |
| CVS Health Corporation et al. | ) | |
| *Defendants* | ) | |

| | | |
|---|---|---|
| Highmark Inc. et al. | ) | |
| *Plaintiffs* | ) | |
| v. | ) | Civil Action No.   1:20-cv-00507-WES-PAS |
| CVS Pharmacy, Inc. | ) | |
| *Defendant* | ) | |

| | | |
|---|---|---|
| Capital BlueCross | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20-cv-00520-WES-PAS |
| CVS Health Corporation et al. | ) | |
| *Defendants* | ) | |

| | | |
|---|---|---|
| CareFirst of Maryland, Inc. et al. | ) | |
| *Plaintiffs* | ) | |
| v. | ) | Civil Action No.   1:21-cv-00223-WES-PAS |
| CVS Health Corporation et al. | ) | |
| *Defendants* | ) | |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Thrifty Drug Stores Inc.
     6701 Evenstad Drive, Suite 100, Maple Grove, MN 55369

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  Any documents in your personal possession that are responsive to the requests contained in Exhibit A (attached).

| Place: Skolnick & Bardwell LLP<br>       Attn: Samuel Johnson<br>       333 S 7th St ,#1150, Minneapolis, MN 55402 | Date and Time: June 26, 2023 at 5:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  June 9, 2023

*CLERK OF COURT*

OR

_____                    /s/ Grant A. Geyerman
*Signature of Clerk or Deputy Clerk*                    _____
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
CVS Health Corporation and CVS Pharmacy, Inc. _____ , who issues or requests this subpoena, are:

Grant A. Geyerman, Williams & Connolly, 680 Maine Ave S.W., Washington D.C., 20024, ggeyerman@wc.com, (202) 434-5833

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Civil Action Nos. 1:20-cv-00236-WES-PAS; 1:20-cv-00458-WES-PAS; 1:20-cv-00507-WES-PAS;
1:20-cv-00520-WES-PAS; 1:21-cv-00223-WES-PAS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 4)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1.     "Action" means any of the above-captioned actions that have been consolidated for discovery purposes: *Blue Cross and Blue Shield of Alabama, et al. v. CVS Health Corporation, et al.*, No. 1:20-cv-236-WES-PAS (D.R.I.); *Horizon Healthcare Services, Inc., et al. v. CVS Health Corporation, et al.*, No. 1:20-cv-458-WES-PAS (D.R.I.); *Highmark Inc., et al. v. CVS Pharmacy, Inc.*, No. 1:20-cv-507-WES-PAS (D.R.I.); *Capital BlueCross v. CVS Health Corporation, et al.*, No. 1:20-cv-00520-WES-PAS (D.R.I.); and *CareFirst of Maryland, Inc., et al. v. CVS Health Corporation, et al.*, No. 1:21-cv-223-WES-PAS (D.R.I.).

2.     "You" and "Your" and "Thrifty White Pharmacy" refer to Thrifty Drug Stores, Inc. and its predecessors, including all divisions, subdivisions, and units; corporate affiliates; and to all Persons acting or purporting to act on Thrifty Drug Stores, Inc.'s behalf, including employees, supervisors, managers, executives, board members, officers, directors, agents, and contractors.  For the avoidance of doubt, insofar as Thrifty Drug Stores, Inc. is a distinct legal entity from Thrifty White Pharmacy, the definition of You, Your, and Thrifty White Pharmacy is intended to include Thrifty White Pharmacy.

3.     "Communication(s)" means, without limitation, any manner or means of disclosure, statement, utterance, notation, disclaimer, transmittal, transfer, or exchange of information, whether orally or by document and whether face-to-face, in person, by telephone, telecopy, mail delivery service, personal delivery, or otherwise, and includes correspondence, memoranda reports, and records of telephone calls, reports of meetings, and all verbal actions intended to convey or actually conveying information or data.

4.      "Document(s)" is synonymous in meaning and equal in scope to the usage of the phrase "documents [and] electronically stored information" in Federal Rule of Civil Procedure

34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

5.      "Thrifty White's Fee-Based Membership Program" means the program through which Thrifty White Pharmacy offered a special pricing structure for, at a minimum, generic prescription medications to customers who took affirmative steps to join the program, including but not necessarily limited to enrolling in the program and paying a membership fee.  For the avoidance of doubt, the Thrifty White's Fee-Based Membership Program is the program being referenced in Exhibit B to this subpoena.

6.      "Including" means "including without limitation."  Under no circumstance should use of the word "including" in any Request be construed to limit the scope of information responsive to any Request.

7.      "Person(s)" means any natural person or any legal entity, including without limitation any business, legal, or governmental entity or association.

8.      "Regarding," "concerning," "relating," "referring," "discussing," "containing," "identifying," "showing," "evidencing," and "providing" are used in their broadest sense and mean anything that, in whole or in part, analyzes, comments upon, concerns, contains, considers, constitutes, contradicts, comprises, deals with, describes, discusses, embodies, evidences, indicates, identifies, involves, mentions, memorializes, pertains to, provides, refers to, reflects, regards, relates to, responds to, shows, states, summarizes, supports, or is in any way factually, legally, or logically pertinent to or connected with the subject matter or topic in question, either in whole or in part.

9.     All terms associated with a particular industry, profession or identifiable body of knowledge have the meanings customarily and ordinarily associated with those terms within that industry, profession, or discipline.

### INSTRUCTIONS

1.     The following rules of construction apply to all requests for production:

   a.   The use of the singular form of any word includes the plural and vice versa.

   b.   The terms "each," "every," "any," and "all" are synonymous with one another and with "each and every" and "any and all."

   c.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

2.     Pursuant to Federal Rule of Civil Procedure 45, these Requests apply to all documents in your possession, custody, or control, regardless of the location of such documents and regardless of whether such documents are held by any other person or entity, including, but not limited to, your attorneys, representatives, or agents.

3.     In construing these Requests, you should give effect to the Definitions set forth above.  Undefined words and terms shall be given their common meaning.  If you are unsure about the definition of a particular term or word, use the definition that you believe to be the most accurate and state that definition in your response.  If, in answering any of these Requests, you encounter any other ambiguity in construing either the Request or an instruction, then set forth the matter you deem ambiguous and the construction you use in answering the Request.

4.     Pursuant to Federal Rule of Civil Procedure 45(e)(2), and subject to the protocols and requirements set forth in the Revised Stipulated Protective Order attached hereto as Exhibit C, if you withhold any document or portion thereof responsive to these Requests by reason of a

claim that the document is privileged or subject to protection as work product, you shall "expressly make [such] claim" and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). In addition, with respect to each communication for which you assert a claim of privilege or work product, you must produce a log identifying: (1) the author thereof and all parties to the document; (2) the subject matter or other identifying data sufficient to describe the document or information; (3) the date of the document, as best can be determined; (4) the identity of each person to whom the document, or any copy thereof, was transmitted, or disclosed by any entity; (5) the privilege or protection supporting withholding of the document; and (6) any other information necessary to enable CVS to determine if the document is protected by privilege or any other protection. If any portion of any document withheld for reasons of privilege or work product protection is not subject to such privilege or protection, please produce such portion of the document as is not subject to any privilege or work product protection.

5.      If any portion of a document is withheld pursuant to Instruction No. 4, that portion of the document shall be stamped with the word "REDACTED" to indicate the location of the withheld information.

6.      If you object to any Request on any specific ground, specify your objection and furnish a response to all portions of such Request to which you have no objection.

7.      For any requested document that has been destroyed, identify the document and set forth the contents of the document, the date of its destruction, the identity of any individuals who authorized the destruction, and other circumstances related to such destruction.

8.      These Requests shall be deemed continuing, up to and including the time of trial and any appeal, so as to require further and supplemental production by you in the event you learn that your disclosures are incomplete or incorrect or you obtain or discover additional documents.

9.      If documents responsive to any Request are confidential and, as such, require protection from confidential disclosure, you may designate such document confidential in accordance with the Revised Stipulated Protective Order attached hereto as Exhibit C.

10.     If you make any assumption of fact or law in answering any Request, state each assumption and the basis for each assumption.

11.     Spreadsheet files (e.g., Microsoft Excel files) and PowerPoint files shall be produced in native format.  Other data and information that exists in electronic or magnetic form, such as email messages and attachments thereto, should be produced as single-paged Tagged Image File Format ("TIFFs" or ".tiff" format).  You should produce a metadata "load file" with standard Concordance delimiters and an OPT file to accompany the images.

12.     Unless otherwise specified, the relevant time period for the information sought in this subpoena to produce documents is September 1, 2006 to the present (the "Relevant Time Period").

## DOCUMENTS TO PRODUCE

1.      All documents reflecting the requirements for membership in Thrifty White's Fee-Based Membership Program.

2.      All documents concerning or reflecting the fact that You did not submit Thrifty White's Fee-Based Membership Program price as a Thrifty White Pharmacy's usual and customary price on third-party adjudicated claims.

3.      All documents concerning or reflecting Your rationale for not submitting Thrifty White's Fee-Based Membership Program price as Thrifty White Pharmacy's usual and customary price on third-party adjudicated claims.

4.      Your contract(s) to participate in Prime Therapeutics LLC's retail pharmacy network in effect during the period You offered Thrifty White's Fee-Based Membership Program.

5.      To the extent not reflected in the documents responsive to Request No. 4, documents sufficient to show the definition of usual and customary applicable to claims you submitted to Prime Therapeutics LLC during the period You offered the Thrifty White's Fee-Based Membership Program.

6.      The Employment File for Your former employee Krystal Wheeler Dennis.

7.      All communications involving both Krystal Wheeler Dennis and Thrifty White Pharmacy's Fee-Based Membership Program.

8.      All communications involving both Krystal Wheeler Dennis and Thrifty White Pharmacy's usual and customary prices.

# EXHIBIT B







Serving Your Family's Prescription Needs Since 1884

Current Ad
Store Locations
TW Premier Value
Customer Feedback
Online Photo Products

| Pharmacy ▾ | Photo ▾ | Long Term Care ▾ | Employment ▾ | About Us | Contact Us |

## Thrifty White

Corporate Thrifty White Pharmacy
6055 Nathan Lane North
Suite 200
Plymouth, MN 55442
Phone: 763-513-4300
Fax: 763-513-4380

## Rx Savings Club Plus

### Start Saving Today!

Thrifty White Pharmacy wants to save you money. If you have insufficient drug coverage or limited prescription insurance sign up for our Rx Savings Club Plus and start saving on over 350 generic drugs.

With your enrollment and first prescription filled you will also receive a FREE $25 Gift Card and $50 worth of savings coupons. *Limit one gift card per household.*



- Yearly membership fee of $10 per individual or $15 per family.
- Requires enrollment into Ready refill maintenance program.
- Save at any Thrifty White or White Drug Pharmacy location.
- Based on $9.99 for a 90 day or $4 for a 30 day supply under the Rx Savings Club Plus.*
- * Asterisked (*) drugs may be priced higher in IA, MN, MT, ND, SD, WI

### Covers Prescription Medications and Treatments For:

- Allergy
- Arthritis
- Asthma
- Blood Pressure
- Cholesterol
- Diabetes

- Eye Care
- Fungal Infections
- Gastrointestinal
- Glaucoma
- Heart Health
- Mental Health

- Nutritional Health
- Skin Conditions
- Thyroid Conditions
- Viruses
- Vitamins
- Women's Health

**For a complete list of covered medications (PDF):** Click Here

### Questions?   (click on question to reveal answer)

**Why should I enroll in the program?**
If you are uninsured or your insurance doesn't cover all of your medications, the Rx Savings Club Plus offers discounted prescription pricing for you and members of your family, plus additional club member savings in the store. With your enrollment and first prescription filled you will also receive a free $25 gift card.

**What is included in my membership?**
Your membership includes over 350 select generic medications, most available to you for only $9.99 for a 90 day supply or $4 for a 30 day supply, a $25 gift card with your enrollment and first prescription filled and your prescriptions managed by knowledgeable pharmacists happy to answer your healthcare questions. Check our low prices on hundreds of other generic and brand name medications.

**How much does the Rx Savings Club Plus membership cost?**
The annual enrollment fee of $10 per individual or $15 per family (including pets) entitles you to the benefits and savings of the White Drug/Thrifty White Drug Rx Savings Club Plus. The $10 or $15 enrollment fee will be added to the price of the FIRST prescription dispensed using the card. After that you will be charged an annual fee on the anniversary date you joined the Rx Savings Club Plus.

**How do I sign up?**
Visit any White Drug Pharmacy or Thrifty White Pharmacy and our pharmacy staff can sign you up and get you started saving today.

**Are all generic drugs covered under the Rx Savings Club Plus card?**
Not all generic drugs are covered. The generic list contains over 350 generic drugs and may change from time to time. Not all formulations of a drug (e.g. enteric coated, timed release formulations) are covered under the program. Prices for quantities greater than a 90 day supply of drugs covered by the $9.99 program are prorated based on the $9.99 club price. Prorated pricing is not available under the club pricing for prepackaged drugs, such as creams, eye drops, etc. Prepackaged drugs are covered under the club pricing only in the unit sizes specified in the drug listing. Prorated pricing is not available for quantities that are less than a 90 day supply.

**Can I find out the Rx Savings Club Plus price before I go to the pharmacy?**
Yes. You can call your White Drug/Thrifty White pharmacy and the pharmacist can give you club pricing over the phone. You can also view a complete list of the value priced generics ($9.99 for 90 days and $4 for 30 days) by clicking on complete list of covered medications above on this page.

**How does the Ready refill program tie into the Rx Savings Club Plus?**
Your prescriptions for 90 day or 30 day maintenance drugs will be filled at a central fill site in Fargo, ND. You will then have the option to pick up your prescriptions at your local White Drug/Thrifty White Pharmacy, have it mailed directly to your home, or have it delivered to your home from the local pharmacy. When you enroll

in Rx Savings Club Plus, you will also fill out an enrollment form for the Ready refill program if you are not already enrolled.

**Pharmacy**
Med Sync
Healthy Pack Rx
Ready Refill
Medication Therapy Management
Health Links
Medicare Part D Coverage
Automated Voice Response
Health Library
FDA MedWatch Program
Privacy Practices

**Photo**
Online Photo Products
Photo Publishing
Kodak Picture Maker

**Long Term Care**
Med Management Systems
Pyxis Specialty Station
Consulting
Infusion

**Employment**
Pharmacy Opportunities
Thrifty White Difference
Apply Online

**Premier Value**
**Mobile App**
**Customer Feedback**


Follow @thriftywhite



**Copyright © 2013 Thrifty White Pharmacy**

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, *et al.*,<br><br>             *Plaintiffs*,<br><br>      v.<br><br>CVS HEALTH CORPORATION, *et al.*,<br>             *Defendants*. | Civil Action<br>No. 1:20-cv-00236-WES-PAS |
| HORIZON HEALTHCARE SERVICES, INC. *et al.*,<br><br>             *Plaintiffs*,<br><br>      v.<br><br>CVS HEALTH CORPORATION, *et al.*<br>             *Defendants*. | Civil Action<br>No. 1:20-cv-00458-WES-PAS |
| HIGHMARK INC. *et al.*,<br>             *Plaintiffs*,<br><br>      v.<br><br>CVS PHARMACY, INC.,<br>             *Defendant*. | Civil Action<br>No. 1:20-cv-00507-WES-PAS |
| CAPITAL BLUECROSS,<br>             *Plaintiff*,<br><br>      v.<br><br>CVS HEALTH CORPORATION, *et al.*<br>             *Defendants*. | Civil Action<br>No. 1:20-cv-00520-WES-PAS |
| CAREFIRST OF MARYLAND, INC., *et al.*,<br>             *Plaintiff*,<br><br>      v.<br><br>CVS HEALTH CORPORATION, *et al.*<br>             *Defendants*. | Civil Action<br>No. 1:21-cv-00223-WES-PAS |

## <u>REVISED STIPULATED PROTECTIVE ORDER</u>

Plaintiffs and Defendants CVS Pharmacy, Inc. and CVS Health Corporation (collectively, "**CVS**," and together with Plaintiffs, the "**Parties**," each individually, a "**Party**"), through their respective counsel, stipulate and agree, pending entry of this Revised Stipulated Protective Order ("**Protective Order**") by the Court, that the following procedures designed to assure the protection

of confidential information not already in the public domain shall govern discovery in the above-captioned lawsuit (the "**Action**").

1.     <u>Purposes and Limitations</u>. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order.  This Protective Order authorizes the parties to produce, receive, and use potentially sensitive, non-public information, including Protected Health Information as defined in <u>45 C.F.R. § 160.103</u>, concerning identifiable individuals without obtaining those individuals' consent, provided such information is designated as Protected Material under this Protective Order.  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.     <u>Scope and Terms</u>.  This Protective Order shall govern disclosure and use by the Parties of all documents, testimony and other materials and information produced in this Action by any Party or non-party required to give testimony and/or to produce documents or information (a "**Disclosing Party**" or a "**Designating Party**").  As used in this Protective Order, the term "**Receiving Party**" shall mean any party who is the recipient of documents or information supplied by a Disclosing Party, and the term "documents" shall mean all written material, electronically-stored images and data, videotapes and all other tangible items, produced in whatever format (*e.g.*, hard copy, electronic, digital, etc.) and on whatever media (*e.g.*, hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).  Documents or information designated as

2

"Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only" shall be referred to herein as "**Protected Material**." Attorneys or law firms who are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party are referred to herein as "**Outside Counsel**." Attorneys who are employees of a Party to this Action and who have responsibility for the conduct and oversight of this Action (including any employees of a Party who report to, are overseen by, or work with such attorneys), are referred to as "**House Counsel**."

3.　　Protected Material. All Protected Material to be produced by a Disclosing Party in this Action shall only be used, shown or disclosed by a Receiving Party as provided in this Protective Order. Any person or entity in possession of Protected Material as a result of the production of such materials in this Action shall maintain those materials in a secure manner, including but not limited to secure and safe electronic discovery platforms, so as to avoid disclosure of their contents to any person or entity not subject to this Protective Order. The restrictions provided in this Protective Order with respect to the handling of Protected Material shall also apply to notes, reports, documents and communications created on or after the date of execution of this Protective Order that summarize or describe Protected Material that a Receiving Party received during this Action. However, Protected Material shall not include documents or information which: (i) are in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party other than as a result of a violation of this Protective Order or any other unlawful action, (ii) were lawfully obtained by a Party on a non-confidential basis prior to being produced in the Action, or (iii) were obtained by the Receiving Party from an independent source who obtained the information lawfully and neither

3

the Receiving Party nor the independent source are under another obligation of confidentiality as to the documents or information.

a. <u>Confidential</u>.   Any Disclosing Party may designate as "**Confidential**" any document, material, recording, testimony or information (including, but not limited to, documents produced in the Action, or exchanged informally for purposes of settlement, discovery responses, deposition transcripts and audio and/or video recordings of depositions) which such Party reasonably believes, in good faith, to contain or disclose non-public (i) commercially sensitive business; (ii) proprietary, trade secret, research, development, technical, or scientific, or other highly sensitive business information; (iii) financial, credit, compliance, personnel, or customer or member information; or (iv) information that the producing Party is otherwise under a legal obligation to maintain as confidential.

b. <u>Highly Confidential – Attorneys' Eyes Only</u>.  A Disclosing Party may designate as "**Highly Confidential – Attorneys' Eyes Only**" any document, material, recording, testimony or information (including, but not limited to, documents produced in the Action or exchanged informally for purposes of settlement, discovery responses, deposition transcripts, and audio and/or video recordings of depositions) which such Party reasonably believes, in good faith, to contain or disclose highly-sensitive non-public information, the disclosure of which the Party or producing person reasonably believes will cause competitive harm, and is (i) commercially sensitive business; (ii) proprietary, trade secret, research, development, technical, scientific, or other highly sensitive business information; (iii) financial, credit, compliance, personnel, or customer or member information;

4

or (iv) information that the producing Party is otherwise under a legal obligation to maintain as confidential.

c.     <u>Highly Confidential – Outside Counsel Eyes Only</u>.  A Disclosing Party may designate as "**Highly Confidential – Outside Counsel Eyes Only**" any document, material, recording, testimony or information (including, but not limited to, documents produced in the Action or exchanged informally for purposes of settlement, discovery responses, deposition transcripts, and audio and/or video recordings of depositions) which such Disclosing Party reasonably believes, in good faith, to contain or disclose highly-sensitive non-public information that (i) meets the standard for Highly Confidential—Attorneys' Eyes Only designation described in Paragraph 3(b) but also (ii) reveals the competitive intelligence, competitive advantage, or competitive strategy of such Disclosing Party or the Disclosing Party's pharmacy benefit manager concerning similar products or services as those offered by a Party or a Party's parents, subsidiaries, or affiliated entities and (iii) will likely cause significant competitive harm to the Disclosing Party or the Disclosing Party's pharmacy benefit manager whose competitive intelligence, competitive advantage, or competitive strategy is at issue, if provided to the Parties' House Counsel.   A Disclosing Party must limit its "Highly Confidential—Outside Counsel Eyes Only" designation to only the specific portion of a document, material, recording, testimony or information satisfying the standard above.

4.     <u>Designation of Protected Material</u>. The designation of Protected Material shall be made at the time of disclosure by (i) in the case of documents, placing the phrase "Confidential,"

"Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only" on each page of the document so designated; (ii) in the case of deposition testimony, as provided below; or (iii) in the case of tangible things, putting Parties on notice of any such "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only" designation, including, without limitation, providing such notice in writing at the time of production of the tangible thing. Inadvertent failure to designate Protected Material may be remedied by subsequent written notice. Effective upon the giving of any such subsequent written notice, the information, documents or testimony designated as Protected Material in the subsequent notice shall be deemed subject to this Protective Order.

5. <u>Designation of Deposition Testimony</u>. Any Party may designate as Protected Material any portion(s) of a deposition transcript that the Designating Party, in good faith, reasonably believes to contain Protected Material. In the case of a deposition of a non-party witness, the non-party may also so designate any portion(s) of the deposition transcript that the non-Party, in good faith, reasonably believes to contain Protected Material. In either situation, the Designating Party shall advise the court reporter and counsel of any portions of a deposition to be treated as Protected Material either (i) in a writing sent to all Parties within thirty (30) calendar days after the transcript becomes available; or (ii) during the deposition by statement on the record. Such transcripts shall be treated as Protected Material until the expiration of the 30-day period.

6. <u>Use of Protected Material In Deposition</u>. To the extent Protected Material or information obtained from such material is used in depositions, such documents or information shall remain subject to the provisions of this Protective Order.

6

7.     <u>Disclosure of Protected Material Designated "Confidential"</u>.     Documents or information designated as "Confidential" shall only be disclosed or shown to the following persons:

a.   the Court and necessary court personnel in accordance with Paragraph 13 hereof;

b.   the Parties (including their officers, directors, employees, and agents having a direct responsibility for this Action);

c.   the Parties' Outside Counsel;

d.   the Parties' House Counsel;

e.   court reporters transcribing depositions or testimony in the Action;

f.   persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

g.   witnesses or deponents in the Action to whom disclosure is reasonably necessary, including anyone who prepared, received, or reviewed the document prior to its production in the Action;

h.   experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants);

i.   outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and

j.   any other person agreed to in writing by the Designating Party or authorized by a further order of the Court to receive the Protected Material.

8.     <u>Disclosure of Protected Material Designated "Highly Confidential – Attorneys' Eyes Only"</u>.  Documents or information designated as "Highly Confidential – Attorney's Eyes Only" shall only be disclosed or shown to the following persons:

    a.   the Court and necessary court personnel in accordance with Paragraph 13 hereof;

    b.   the Parties' Outside Counsel;

    c.   the Parties' House Counsel;

    d.   court reporters transcribing depositions or testimony in the Action;

    e.   persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

    f.   witnesses or deponents in the Action who prepared, received, or reviewed the document prior to its production in the Action;

    g.   experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants);

    h.   outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and

    i.   any other person agreed to in writing by the Designating Party or authorized by a further order of the Court to receive the Protected Material.

9.     <u>Disclosure of Protected Material Designated "Highly Confidential – Outside Counsel Eyes Only"</u>.  Documents or information designated as "Highly Confidential – Outside Counsel Eyes Only" shall only be disclosed or shown to the following persons:

    a.   the Court and necessary court personnel in accordance with Paragraph 13 hereof;

> b.  the Parties' Outside Counsel;
>
> c.  court reporters transcribing depositions or testimony in the Action;
>
> d.  persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;
>
> e.  witnesses or deponents in the Action who prepared, received, or reviewed the document prior to its production in the Action;
>
> f.  experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants);
>
> g.  outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and
>
> h.  any other person agreed to in writing by the Designating Party or authorized by a further order of the Court to receive the Protected Material.

10.    <u>Disclosure of Protected Material</u>. All persons, except for court personnel, to whom Protected Material is disclosed shall, before that disclosure, be advised that the Protected Material is being disclosed pursuant to the terms of the Protective Order.  All persons, except for court personnel, Parties' Outside Counsel, Parties (including their officers, directors, employees, in-house counsel and agents having a direct responsibility for this Action) and witnesses or deponents, to whom Protected Material is disclosed, shall, before the disclosure, execute the Certification attached hereto as Exhibit A.

11.    <u>Unauthorized Disclosure of Protected Material</u>.  Each Party shall have the responsibility, through counsel, to advise the Designating Party of any losses or compromises of

the confidentiality of Protected Material within forty-eight (48) hours of discovery that Protected Material was disclosed. It shall be the responsibility of the Party that lost or compromised the Protected Material to take reasonable measures to limit the loss or unauthorized disclosure.

12. <u>Inadvertent Disclosure of Privileged Documents</u>. The parties hereby incorporate the protections provided by Federal Rule of Evidence 502(d) and (e). Furthermore, pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of any document or information produced in this Action by any party or person, that such party or person later claims should have been withheld on grounds of a privilege (an **"Inadvertently Produced Material"**), including but not limited to the attorney-client privilege and work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either as to the specific information in the Inadvertently Produced Material or as to any other document concerning the same or related subject matters. A party or person claiming privilege or other protections for an Inadvertently Produced Material may notify any party that received the documents and state the basis for the privilege. After being notified of an Inadvertently Produced Material, any Receiving Party must not use or disclose the document in any way (except only to challenge the designation pursuant to the last sentence of this Paragraph and Paragraph 14 below) and must take reasonable steps to retrieve the document if the Receiving Party disclosed it before being notified of the inadvertent production. In addition, within seven (7) days of being notified of an Inadvertently Produced Material, the Receiving Party must return or destroy the specified document and any copies it has and the producing party must retain a copy of the document until the resolution or termination of this Action, including all appeals. The Receiving Party shall promptly provide written confirmation that such return or destruction of Inadvertently Produced Material has occurred. After a document is returned or destroyed pursuant to this paragraph, any Party may move the

Court for an order compelling production of the document, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production.

13.     <u>Filing Under Seal</u>.  If a Party seeks to file or reference Protected Material in any filing or submission made in this Action, it shall cause the Protected Material to be filed under seal following the procedures contained in L.R. Gen. 102.

14.     <u>HIPAA Qualified Protective Order</u>.  It is the intent of the Parties that this Protective Order be deemed a "qualified protective order" under HIPAA, as set forth in the implementing regulations for that statute found at <u>42 C.F.R section 164.512(e)</u>.

15.     <u>Disputes Concerning Protected Material</u>.  The burden of proving that a document or testimony constitutes Protected Material is on the Disclosing Party.  Prior to designating any material as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only," the Disclosing Party shall make a bona fide determination that the material is, in fact, appropriately designated.  If a Receiving Party disagrees with the designation of any documents as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only," the Receiving Party will so notify the Disclosing Party in writing, identifying the material subject to the objection and specifying in reasonable detail the reasons for the objection.  Thereafter, the Parties shall meet and confer within seven days of the notification in an effort to resolve their differences.  The Parties shall work in good faith to resolve any disputes, and shall not unreasonably withhold documents from being disclosed to deposition witnesses without substantial justification for doing so.  If the disagreement cannot be resolved, the objecting Receiving Party may file a motion with the Court for relief from designation of the material as Protected Material.  The Party who designated the Protected Material shall have the burden of showing, in such motion, that the material being objected to was appropriately

designated as Protected Material. The material subject to the objection shall be maintained as Protected Material until such time as the objecting Party's motion for relief has been ruled on.

16. <u>Subpoena of Protected Material</u>. If at any time any Protected Material is subpoenaed by any person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena or request, to all Parties and, if applicable, to the Designating Party. The person to whom the subpoena is directed shall make all reasonable good faith efforts to provide the Designating Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection of the Protected Material, before the person to whom the subpoena is directed takes any Action to comply with the subpoena.

17. <u>Binding Effect of Protective Order</u>. Upon the Court's approval, this Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. After termination of this Action, the provisions of this Protective Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this Action.

18. <u>Modification of Protective Order</u>. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by court order. If any provision of this Protective Order is held invalid for any reason, the remaining provisions shall not be affected. Any Party may apply to the Court for further or additional protective orders or for the modification of this Protective Order.

19.     <u>Return of Protected Material</u>.  Within ninety (90) days after entry of a final order or judgment terminating the Action, including all related court proceedings and appeals, Protected Material in a Party's possession, including all paper and electronic copies thereof (except for Protected Material designated by that Party) shall either be destroyed or returned to the person or entity who originally produced or provided the Protected Material.  The provisions of this paragraph shall not apply to pleadings, motions, briefs, affidavits, attorney notes, transcripts, or Court opinions and orders; for the avoidance of doubt, however, such pleadings, motions, briefs, affidavits, attorney notes, transcripts or Court opinions containing Protected Material and treated as confidential during the Action shall continue to be treated as confidential despite the termination of the Action.

20.     <u>Effect of Protective Order</u>.  Nothing in this Protective Order shall: (i) be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial or hearing in this Action; (ii) be construed to limit any Party's use or disclosure of its own documents, materials, or information designated as Protected Material; (iii) prevent or in any way limit disclosure, use, or dissemination of any information or documents that are publicly available, publicly known, or available from some source other than in connection with this Action to which no independent confidential obligations apply; (iv) prejudice the rights of any Party to introduce into evidence at trial any document, testimony, or other evidence; (v) prejudice the rights of any Party to apply to the Court to seal the courtroom prior to the introduction into evidence at trial any document, testimony, or other evidence; or (vi) prejudice the right of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence.

21.     <u>Additional Parties</u>.  Any additional party joined in this Action shall be given the opportunity to be added as a Party to this Protective Order.  Any such additional party in the Action

shall be deemed a "Party" to this Protective Order upon that additional party's execution of the same.

**CONSENTED TO FORM AND SUBSTANCE:**

BLUE CROSS AND BLUE SHIELD OF
ALABAMA, *et al.*

By Their Attorneys,

/s/ Christian R. Jenner
Christian R. Jenner (#7731)
Paul M. Kessimian (#7127)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
Tel: (401) 861-8200
Fax: (401) 861-8210
cjenner@psh.com
pkessimian@psh.com

- and -

Robert B. Gilmore (admitted *pro hac vice*)
Jed Wulfekotte (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
Susie Kim (admitted *pro hac vice*)
Joshua Elliott (admitted *pro hac vice*)
STEIN MITCHELL BEATO & MISSNER LLP
901 15th Street, N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 737-7777
Fax: (202) 296-8312
rgilmore@steinmitchell.com
jwulfekotte@steinmitchell.com
mpetrino@steinmitchell.com
skim@steinmitchell.com
jelliott@steinmitchell.com

CVS HEALTH CORPORATION, *et al.*

By Their Attorneys,

/s/ Robert C. Corrente
Robert C. Corrente (#2632)
WHELAN CORRENTE & FLANDERS LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Tel: (401) 270-4500
Fax: (401) 270-3760
rcorrente@whelancorrente.com

- and -

Enu Mainigi (admitted *pro hac vice*)
Craig D. Singer (admitted *pro hac vice*)
Grant A. Geyerman (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
csinger@wc.com
ggeyerman@wc.com

**IT IS SO ORDERED** on this __26__ day of _____May_____, **2022.**

**BY:** _WESmith_

Honorable __William E. Smith__

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, *et al.*, | |
| *Plaintiffs*, | Civil Action |
| v. | No. 1:20-cv-00236-WES-PAS |
| | No. 1:20-cv-00458-WES-PAS |
| CVS HEALTH CORPORATION, *et al.,* | No. 1:20-cv-00507-WES-PAS |
| | No. 1:20-cv-00520-WES-PAS |
| *Defendants*. | No. 1:21-cv-00223-WES-PAS |

**CERTIFICATION OF COMPLIANCE WITH**
**STIPULATED REVISED PROTECTIVE ORDER**

I certify my understanding that "Protected Material" may be provided to me pursuant to the terms and restrictions of the Revised Stipulated Protective Order issued in the above-captioned case. I further certify that I have read the Protective Order, agree to be bound by its terms, and submit to the jurisdiction of the District of Rhode Island for purposes of enforcement thereof.

Signature: _____

Name: _____

Date: _____