# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, *et al.*,  *Plaintiffs*,  v.  CVS HEALTH CORPORATION, *et al.*,  *Defendants*. | Civil Action No. 1:20-cv-00236-WES-PAS |
| HORIZON HEALTHCARE SERVICES, INC. *et al.*,  *Plaintiffs*,  v.  CVS HEALTH CORPORATION, *et al.*  *Defendants*. | Civil Action No. 1:20-cv-00458-WES-PAS |
| HIGHMARK INC. *et al.*,  *Plaintiffs*,  v.  CVS PHARMACY, INC.,  *Defendant*. | Civil Action No. 1:20-cv-00507-WES-PAS |
| CAPITAL BLUECROSS,  *Plaintiff*,  v.  CVS HEALTH CORPORATION, *et al.*  *Defendants*. | Civil Action No. 1:20-cv-00520-WES-PAS |
| CAREFIRST OF MARYLAND, INC., *et al.*,  *Plaintiff*,  v.  CVS HEALTH CORPORATION, *et al.*  *Defendants*. | Civil Action No. 1:21-cv-00223-WES-PAS |

## REVISED STIPULATED PROTECTIVE ORDER

Plaintiffs and Defendants CVS Pharmacy, Inc. and CVS Health Corporation (collectively, "**CVS**," and together with Plaintiffs, the "**Parties**," each individually, a "**Party**"), through their respective counsel, stipulate and agree, pending entry of this Revised Stipulated Protective Order ("**Protective Order**") by the Court, that the following procedures designed to assure the protection

of confidential information not already in the public domain shall govern discovery in the above-captioned lawsuit (the "**Action**").

      1.      <u>Purposes and Limitations</u>. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. This Protective Order authorizes the parties to produce, receive, and use potentially sensitive, non-public information, including Protected Health Information as defined in 45 C.F.R. § 160.103, concerning identifiable individuals without obtaining those individuals' consent, provided such information is designated as Protected Material under this Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

      2.      <u>Scope and Terms</u>. This Protective Order shall govern disclosure and use by the Parties of all documents, testimony and other materials and information produced in this Action by any Party or non-party required to give testimony and/or to produce documents or information (a "**Disclosing Party**" or a "**Designating Party**"). As used in this Protective Order, the term "**Receiving Party**" shall mean any party who is the recipient of documents or information supplied by a Disclosing Party, and the term "documents" shall mean all written material, electronically-stored images and data, videotapes and all other tangible items, produced in whatever format (*e.g.*, hard copy, electronic, digital, etc.) and on whatever media (*e.g.*, hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise). Documents or information designated as

2

"Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only" shall be referred to herein as "**Protected Material**." Attorneys or law firms who are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party are referred to herein as "**Outside Counsel**." Attorneys who are employees of a Party to this Action and who have responsibility for the conduct and oversight of this Action (including any employees of a Party who report to, are overseen by, or work with such attorneys), are referred to as "**House Counsel**."

3. Protected Material. All Protected Material to be produced by a Disclosing Party in this Action shall only be used, shown or disclosed by a Receiving Party as provided in this Protective Order. Any person or entity in possession of Protected Material as a result of the production of such materials in this Action shall maintain those materials in a secure manner, including but not limited to secure and safe electronic discovery platforms, so as to avoid disclosure of their contents to any person or entity not subject to this Protective Order. The restrictions provided in this Protective Order with respect to the handling of Protected Material shall also apply to notes, reports, documents and communications created on or after the date of execution of this Protective Order that summarize or describe Protected Material that a Receiving Party received during this Action. However, Protected Material shall not include documents or information which: (i) are in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party other than as a result of a violation of this Protective Order or any other unlawful action, (ii) were lawfully obtained by a Party on a non-confidential basis prior to being produced in the Action, or (iii) were obtained by the Receiving Party from an independent source who obtained the information lawfully and neither

the Receiving Party nor the independent source are under another obligation of confidentiality as to the documents or information.

    a. <u>Confidential</u>. Any Disclosing Party may designate as "**Confidential**" any document, material, recording, testimony or information (including, but not limited to, documents produced in the Action, or exchanged informally for purposes of settlement, discovery responses, deposition transcripts and audio and/or video recordings of depositions) which such Party reasonably believes, in good faith, to contain or disclose non-public (i) commercially sensitive business; (ii) proprietary, trade secret, research, development, technical, or scientific, or other highly sensitive business information; (iii) financial, credit, compliance, personnel, or customer or member information; or (iv) information that the producing Party is otherwise under a legal obligation to maintain as confidential.

    b. <u>Highly Confidential – Attorneys' Eyes Only</u>. A Disclosing Party may designate as "**Highly Confidential – Attorneys' Eyes Only**" any document, material, recording, testimony or information (including, but not limited to, documents produced in the Action or exchanged informally for purposes of settlement, discovery responses, deposition transcripts, and audio and/or video recordings of depositions) which such Party reasonably believes, in good faith, to contain or disclose highly-sensitive non-public information, the disclosure of which the Party or producing person reasonably believes will cause competitive harm, and is (i) commercially sensitive business; (ii) proprietary, trade secret, research, development, technical, scientific, or other highly sensitive business information; (iii) financial, credit, compliance, personnel, or customer or member information;

or (iv) information that the producing Party is otherwise under a legal obligation to maintain as confidential.

  c. <u>Highly Confidential – Outside Counsel Eyes Only</u>. A Disclosing Party may designate as "**Highly Confidential – Outside Counsel Eyes Only**" any document, material, recording, testimony or information (including, but not limited to, documents produced in the Action or exchanged informally for purposes of settlement, discovery responses, deposition transcripts, and audio and/or video recordings of depositions) which such Disclosing Party reasonably believes, in good faith, to contain or disclose highly-sensitive non-public information that (i) meets the standard for Highly Confidential—Attorneys' Eyes Only designation described in Paragraph 3(b) but also (ii) reveals the competitive intelligence, competitive advantage, or competitive strategy of such Disclosing Party or the Disclosing Party's pharmacy benefit manager concerning similar products or services as those offered by a Party or a Party's parents, subsidiaries, or affiliated entities and (iii) will likely cause significant competitive harm to the Disclosing Party or the Disclosing Party's pharmacy benefit manager whose competitive intelligence, competitive advantage, or competitive strategy is at issue, if provided to the Parties' House Counsel. A Disclosing Party must limit its "Highly Confidential—Outside Counsel Eyes Only" designation to only the specific portion of a document, material, recording, testimony or information satisfying the standard above.

4. <u>Designation of Protected Material</u>. The designation of Protected Material shall be made at the time of disclosure by (i) in the case of documents, placing the phrase "Confidential,"

5

"Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only" on each page of the document so designated; (ii) in the case of deposition testimony, as provided below; or (iii) in the case of tangible things, putting Parties on notice of any such "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only" designation, including, without limitation, providing such notice in writing at the time of production of the tangible thing. Inadvertent failure to designate Protected Material may be remedied by subsequent written notice. Effective upon the giving of any such subsequent written notice, the information, documents or testimony designated as Protected Material in the subsequent notice shall be deemed subject to this Protective Order.

5. <u>Designation of Deposition Testimony</u>. Any Party may designate as Protected Material any portion(s) of a deposition transcript that the Designating Party, in good faith, reasonably believes to contain Protected Material. In the case of a deposition of a non-party witness, the non-party may also so designate any portion(s) of the deposition transcript that the non-Party, in good faith, reasonably believes to contain Protected Material. In either situation, the Designating Party shall advise the court reporter and counsel of any portions of a deposition to be treated as Protected Material either (i) in a writing sent to all Parties within thirty (30) calendar days after the transcript becomes available; or (ii) during the deposition by statement on the record. Such transcripts shall be treated as Protected Material until the expiration of the 30-day period.

6. <u>Use of Protected Material In Deposition</u>. To the extent Protected Material or information obtained from such material is used in depositions, such documents or information shall remain subject to the provisions of this Protective Order.

7. <u>Disclosure of Protected Material Designated "Confidential"</u>. Documents or information designated as "Confidential" shall only be disclosed or shown to the following persons:

   a. the Court and necessary court personnel in accordance with Paragraph 13 hereof;

   b. the Parties (including their officers, directors, employees, and agents having a direct responsibility for this Action);

   c. the Parties' Outside Counsel;

   d. the Parties' House Counsel;

   e. court reporters transcribing depositions or testimony in the Action;

   f. persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

   g. witnesses or deponents in the Action to whom disclosure is reasonably necessary, including anyone who prepared, received, or reviewed the document prior to its production in the Action;

   h. experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants);

   i. outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and

   j. any other person agreed to in writing by the Designating Party or authorized by a further order of the Court to receive the Protected Material.

8. <u>Disclosure of Protected Material Designated "Highly Confidential – Attorneys' Eyes Only"</u>. Documents or information designated as "Highly Confidential – Attorney's Eyes Only" shall only be disclosed or shown to the following persons:

   a. the Court and necessary court personnel in accordance with Paragraph 13 hereof;

   b. the Parties' Outside Counsel;

   c. the Parties' House Counsel;

   d. court reporters transcribing depositions or testimony in the Action;

   e. persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

   f. witnesses or deponents in the Action who prepared, received, or reviewed the document prior to its production in the Action;

   g. experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants);

   h. outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and

   i. any other person agreed to in writing by the Designating Party or authorized by a further order of the Court to receive the Protected Material.

9. <u>Disclosure of Protected Material Designated "Highly Confidential – Outside Counsel Eyes Only"</u>. Documents or information designated as "Highly Confidential – Outside Counsel Eyes Only" shall only be disclosed or shown to the following persons:

   a. the Court and necessary court personnel in accordance with Paragraph 13 hereof;

  b. the Parties' Outside Counsel;

  c. court reporters transcribing depositions or testimony in the Action;

  d. persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

  e. witnesses or deponents in the Action who prepared, received, or reviewed the document prior to its production in the Action;

  f. experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants);

  g. outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and

  h. any other person agreed to in writing by the Designating Party or authorized by a further order of the Court to receive the Protected Material.

 10. <u>Disclosure of Protected Material</u>. All persons, except for court personnel, to whom Protected Material is disclosed shall, before that disclosure, be advised that the Protected Material is being disclosed pursuant to the terms of the Protective Order. All persons, except for court personnel, Parties' Outside Counsel, Parties (including their officers, directors, employees, in-house counsel and agents having a direct responsibility for this Action) and witnesses or deponents, to whom Protected Material is disclosed, shall, before the disclosure, execute the Certification attached hereto as Exhibit A.

 11. <u>Unauthorized Disclosure of Protected Material</u>. Each Party shall have the responsibility, through counsel, to advise the Designating Party of any losses or compromises of

9

the confidentiality of Protected Material within forty-eight (48) hours of discovery that Protected Material was disclosed. It shall be the responsibility of the Party that lost or compromised the Protected Material to take reasonable measures to limit the loss or unauthorized disclosure.

12. <u>Inadvertent Disclosure of Privileged Documents</u>. The parties hereby incorporate the protections provided by Federal Rule of Evidence 502(d) and (e). Furthermore, pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of any document or information produced in this Action by any party or person, that such party or person later claims should have been withheld on grounds of a privilege (an **"Inadvertently Produced Material"**), including but not limited to the attorney-client privilege and work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either as to the specific information in the Inadvertently Produced Material or as to any other document concerning the same or related subject matters. A party or person claiming privilege or other protections for an Inadvertently Produced Material may notify any party that received the documents and state the basis for the privilege. After being notified of an Inadvertently Produced Material, any Receiving Party must not use or disclose the document in any way (except only to challenge the designation pursuant to the last sentence of this Paragraph and Paragraph 14 below) and must take reasonable steps to retrieve the document if the Receiving Party disclosed it before being notified of the inadvertent production. In addition, within seven (7) days of being notified of an Inadvertently Produced Material, the Receiving Party must return or destroy the specified document and any copies it has and the producing party must retain a copy of the document until the resolution or termination of this Action, including all appeals. The Receiving Party shall promptly provide written confirmation that such return or destruction of Inadvertently Produced Material has occurred. After a document is returned or destroyed pursuant to this paragraph, any Party may move the

10

Court for an order compelling production of the document, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production.

14. <u>Filing Under Seal</u>.  If a Party seeks to file or reference Protected Material in any filing or submission made in this Action, it shall cause the Protected Material to be filed under seal following the procedures contained in L.R. Gen. 102.

14. <u>HIPAA Qualified Protective Order</u>.  It is the intent of the Parties that this Protective Order be deemed a "qualified protective order" under HIPAA, as set forth in the implementing regulations for that statute found at 42 C.F.R section 164.512(e).

15. <u>Disputes Concerning Protected Material</u>.  The burden of proving that a document or testimony constitutes Protected Material is on the Disclosing Party.  Prior to designating any material as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only," the Disclosing Party shall make a bona fide determination that the material is, in fact, appropriately designated.  If a Receiving Party disagrees with the designation of any documents as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only," the Receiving Party will so notify the Disclosing Party in writing, identifying the material subject to the objection and specifying in reasonable detail the reasons for the objection.  Thereafter, the Parties shall meet and confer within seven days of the notification in an effort to resolve their differences.  The Parties shall work in good faith to resolve any disputes, and shall not unreasonably withhold documents from being disclosed to deposition witnesses without substantial justification for doing so.  If the disagreement cannot be resolved, the objecting Receiving Party may file a motion with the Court for relief from designation of the material as Protected Material.  The Party who designated the Protected Material shall have the burden of showing, in such motion, that the material being objected to was appropriately

designated as Protected Material. The material subject to the objection shall be maintained as Protected Material until such time as the objecting Party's motion for relief has been ruled on.

16. <u>Subpoena of Protected Material</u>. If at any time any Protected Material is subpoenaed by any person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena or request, to all Parties and, if applicable, to the Designating Party. The person to whom the subpoena is directed shall make all reasonable good faith efforts to provide the Designating Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection of the Protected Material, before the person to whom the subpoena is directed takes any Action to comply with the subpoena.

17. <u>Binding Effect of Protective Order</u>. Upon the Court's approval, this Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. After termination of this Action, the provisions of this Protective Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this Action.

18. <u>Modification of Protective Order</u>. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by court order. If any provision of this Protective Order is held invalid for any reason, the remaining provisions shall not be affected. Any Party may apply to the Court for further or additional protective orders or for the modification of this Protective Order.

19. <u>Return of Protected Material</u>. Within ninety (90) days after entry of a final order or judgment terminating the Action, including all related court proceedings and appeals, Protected Material in a Party's possession, including all paper and electronic copies thereof (except for Protected Material designated by that Party) shall either be destroyed or returned to the person or entity who originally produced or provided the Protected Material. The provisions of this paragraph shall not apply to pleadings, motions, briefs, affidavits, attorney notes, transcripts, or Court opinions and orders; for the avoidance of doubt, however, such pleadings, motions, briefs, affidavits, attorney notes, transcripts or Court opinions containing Protected Material and treated as confidential during the Action shall continue to be treated as confidential despite the termination of the Action.

20. <u>Effect of Protective Order</u>. Nothing in this Protective Order shall: (i) be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial or hearing in this Action; (ii) be construed to limit any Party's use or disclosure of its own documents, materials, or information designated as Protected Material; (iii) prevent or in any way limit disclosure, use, or dissemination of any information or documents that are publicly available, publicly known, or available from some source other than in connection with this Action to which no independent confidential obligations apply; (iv) prejudice the rights of any Party to introduce into evidence at trial any document, testimony, or other evidence; (v) prejudice the rights of any Party to apply to the Court to seal the courtroom prior to the introduction into evidence at trial any document, testimony, or other evidence; or (vi) prejudice the right of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence.

21. <u>Additional Parties</u>. Any additional party joined in this Action shall be given the opportunity to be added as a Party to this Protective Order. Any such additional party in the Action

13

shall be deemed a "Party" to this Protective Order upon that additional party's execution of the same.

**CONSENTED TO FORM AND SUBSTANCE:**

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, *et al.* | CVS HEALTH CORPORATION, *et al.* |
| By Their Attorneys, | By Their Attorneys, |
| /s/ Christian R. Jenner | /s/ Robert C. Corrente |
| Christian R. Jenner (#7731) | Robert C. Corrente (#2632) |
| Paul M. Kessimian (#7127) | WHELAN CORRENTE & FLANDERS LLP |
| PARTRIDGE SNOW & HAHN LLP | 100 Westminster Street, Suite 710 |
| 40 Westminster Street, Suite 1100 | Providence, RI 02903 |
| Providence, RI 02903 | Tel: (401) 270-4500 |
| Tel: (401) 861-8200 | Fax: (401) 270-3760 |
| Fax: (401) 861-8210 | rcorrente@whelancorrente.com |
| cjenner@psh.com | |
| pkessimian@psh.com | - and - |
| - and - | Enu Mainigi (admitted *pro hac vice*) |
| | Craig D. Singer (admitted *pro hac vice*) |
| Robert B. Gilmore (admitted *pro hac vice*) | Grant A. Geyerman (admitted *pro hac vice*) |
| Jed Wulfekotte (admitted *pro hac vice*) | WILLIAMS & CONNOLLY LLP |
| Michael A. Petrino (admitted *pro hac vice*) | 680 Maine Avenue, S.W. |
| Susie Kim (admitted *pro hac vice*) | Washington, D.C. 20024 |
| Joshua Elliott (admitted *pro hac vice*) | Tel: (202) 434-5000 |
| STEIN MITCHELL BEATO & MISSNER LLP | Fax: (202) 434-5029 |
| 901 15th Street, N.W., Suite 700 | emainigi@wc.com |
| Washington, D.C. 20005 | csinger@wc.com |
| Tel: (202) 737-7777 | ggeyerman@wc.com |
| Fax: (202) 296-8312 | |
| rgilmore@steinmitchell.com | |
| jwulfekotte@steinmitchell.com | |
| mpetrino@steinmitchell.com | |
| skim@steinmitchell.com | |
| jelliott@steinmitchell.com | |

**IT IS SO ORDERED** on this  26  day of                May                , 2022.

BY: _____

      Honorable  William E. Smith

14

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, *et al.*,<br><br>                      *Plaintiffs*,<br><br>   v.<br><br>CVS HEALTH CORPORATION, *et al.*,<br><br>                      *Defendants*. | Civil Action<br>No. 1:20-cv-00236-WES-PAS<br>No. 1:20-cv-00458-WES-PAS<br>No. 1:20-cv-00507-WES-PAS<br>No. 1:20-cv-00520-WES-PAS<br>No. 1:21-cv-00223-WES-PAS |

### CERTIFICATION OF COMPLIANCE WITH
### STIPULATED REVISED PROTECTIVE ORDER

I certify my understanding that "Protected Material" may be provided to me pursuant to the terms and restrictions of the Revised Stipulated Protective Order issued in the above-captioned case. I further certify that I have read the Protective Order, agree to be bound by its terms, and submit to the jurisdiction of the District of Rhode Island for purposes of enforcement thereof.

Signature: _____

Name: _____

Date: _____